| STATE OF LOUISIANA | NO. 23-KA-524 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| IVORY D. FRANKLIN A/K/A DEUCE | COURT OF APPEAL |
| | STATE OF LOUISIANA |

September 19, 2024

Susan Buchholz
Chief Deputy Clerk

## ON APPLICATION FOR REHEARING

Panel composed of Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

**REHEARING GRANTED FOR LIMITED PURPOSE OF CLARIFICATION;
OPINION OF AUGUST 28, 2024 MAINTAINED**
    **TSM**
    **MEJ**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**MARCEL, J.**

Defendant filed an Application for Rehearing of our August 28, 2024 decision, which affirmed defendant's convictions and sentences on the charges of second-degree murder and attempted second-degree murder. In our August 28, 2024 decision, we concluded that the trial court did not abuse its discretion by denying defense counsel's Motion to Limit *Voir Dire* to 21 Prospective Jurors Per Panel. The jury was selected through *voir dire* of a panel of thirty-nine prospective jurors. We found the jury selection method directed by the trial judge did not infringe upon defendant's right to a full *voir dire* examination of prospective jurors. Defendant argues our conclusion incorrectly relied upon the Louisiana Supreme Court's original decision in *State v. St. Amant*, 413 So.2d 1312 (La. 1981) and not its decision on rehearing. We grant the application for rehearing for the limited purpose of providing clarification that the Louisiana Supreme Court's decision on rehearing in *St. Amant* does not have any implication on our August 28, 2024 decision.

In his application for rehearing, defendant contends the Louisiana Supreme Court's *St. Amant* opinion on rehearing held that *voir dire* of thirty-six[1] prospective jurors at the same time is *per se* reversable error and that this procedure deprived him of a meaningful *voir dire* examination of all members of the jury venire in violation of La. Const. Art. I., § 17. We disagree.

In *St. Amant,* the Louisiana Supreme Court granted a rehearing to reconsider the evidence related to whether or not defendant's right to fully *voir dire* the prospective jurors had been circumvented. In its opinion on rehearing, the majority specifically noted that defense counsel twice asked the State to "slow down" its *voir dire* examination of prospective jurors because he was unable to

---

[1] Defendant points out that the trial court directed *voir dire* examination of prospective jurors in thirty-nine person panels in this case.

"keep up" with information provided by prospective jurors. *Id.* at 1319. Additionally, defense counsel's request to further question the twelve jurors selected by lot from the panel of thirty-six during his *voir dire* was denied by the trial judge, who stated: "This is it." *Id.*

Ultimately, the Louisiana Supreme Court reversed its original decision and remanded the case for a new trial. But it was careful to note that its holding was specific to the case before it: *"[u]nder the facts and circumstances of this case*, we conclude that the trial judge abused his discretion by requiring the examination of thirty-six jurors at the same time." *Id*. at 1320 (emphasis added).

After reviewing the *voir dire* in this case in its entirety, we concluded in our August 28, 2024 decision that the defendant was not deprived of his right to a full *voir dire* examination. On rehearing, and after considering the full implication of *St. Amant,* we do so again and reject the defendant's proposition that *St. Amant* held that a jury selection procedure for *voir dire* examination of prospective jurors in panels of thirty-six or more is *per se* reversible error. The material inquiry on appeal is whether the trial court afforded a full and fair examination of the prospective jurors.

In the instant case, the trial judge directed *voir dire* be conducted simultaneously with thirty-nine prospective jurors, similar to the procedure in *St. Amant.* Unlike *St. Amant*, the record does not reflect the trial judge placed any restrictions on *voir dire*. The trial judge advised defense counsel at the onset of jury selection that he would not limit *voir dire*. The record reflects the trial judge took precautions to ensure that counsel for both the State and the defense were given ample time for questioning. It also shows that defense counsel examined the prospective jurors directly, individually and collectively, and was uninterrupted during examination. Defendant was not prejudiced or hindered in any way by the procedure in this case.

Accordingly, we find defendant was afforded full and fair examination of the prospective jurors. Our August 28, 2024 decision remains the same. The trial judge did not abuse his discretion by denying defense counsel's Motion to Limit *Voir Dire* to 21 Prospective Jurors Per Panel.

**REHEARING GRANTED FOR LIMITED PURPOSE OF CLARIFICATION; OPINION OF AUGUST 28, 2024 MAINTAINED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/19/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-KA-524**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (District Judge)
Matthew R. Clauss (Appellee)      Thomas J. Butler (Appellee)      Bertha M. Hillman (Appellant)

### MAILED

Honorable Paul D. Connick, Jr. (Appellee)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053